UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| UNITED STATES OF AMERICA | : Criminal No. |
| v. | : Filed: |
| MISTER A.C. LTD., and, MICHAEL C. VIGNOLA | : Violations: 15 U.S.C. § 1<br>18 U.S.C. § 371 |
| Defendants. | : |
| | : |

**07 CRIM 1021**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE: NOV 07 2007

## PLEA AGREEMENT

The United States of America and the defendants Mister A.C. LTD. ("Mister A.C.") a corporation organized and existing under the laws of New York; and Michael C. Vignola ("Vignola") hereby enter into the following plea agreement ("Agreement") pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure ("Fed. R. Crim. P.").

## AGREEMENT TO PLEAD GUILTY
## AND WAIVE CERTAIN RIGHTS

1.   Mister A.C. and Vignola will each waive indictment pursuant to Fed. R. Crim. P. 7(b), and plead guilty to a two count Information, in the form attached, in the United States District Court for the Southern District of New York in which (a) each is charged with violating one count of 15 U.S.C. § 1 in connection with a conspiracy to rig bids beginning in and around June 2002 and continuing until January 2006 to the Facilities Operations and Engineering Department of New York Presbyterian Hospital

("NYPH"); and (b) Vignola is charged with one count of violating 18 U.S.C. § 371 in connection with participating in a conspiracy beginning in and around June 2001 and continuing until January 2006, with the objective of depriving NYPH of the honest services of certain of its employees, and that Vignola and others executed the scheme and artifice by and through the United States mails, in violation of 18 U.S.C. §§ 1341 and 1346.

## DEFENDANTS' COOPERATION

2. Mister A.C. and Vignola will cooperate fully and truthfully with the United States in the prosecution of this case, the conduct of the current federal investigation of violations of federal antitrust and related criminal laws involving the installation and repair of heating, ventilation and air conditioning ("HVAC"), systems at NYPH, as well as, any other federal investigation resulting therefrom, and any litigation or other proceedings arising or resulting from any such investigation to which the United States is a party (collectively referred to herein as "Federal Proceeding"). The ongoing, full, and truthful cooperation of Mister A.C. and Vignola shall include, but not be limited to:

(a) Vignola and Mister A.C. agree to produce to the United States all documents, information, and other materials, including any personal documents, in the possession, custody, or control of Mister A.C. and/or Vignola that may be requested by the United States in connection with any Federal Proceeding;

(b) Vignola agrees to make himself available for interviews with the

attorneys and agents of the United States, not at the expense of the United States, at the New York Office of the Antitrust Division, or at other mutually-agreed upon locations, upon the request of attorneys and/or agents of the United States;

(c) Vignola agrees to bring to the attention of the United States all crimes which he has committed, and all administrative, civil, and/or criminal proceedings, investigations, or prosecutions in which he, to his knowledge, is or has been a subject, target, party, or witness;

(d) Vignola agrees to respond fully and truthfully to all inquiries of the United States in connection with any Federal Proceeding, without falsely implicating any person or intentionally withholding any information, subject to the penalties of making false statements (18 U.S.C. § 1001) and obstruction of justice (18 U.S.C. § 1503, *et seq.*);

(e) Mister A.C. and Vignola agree upon the request of the United States, to voluntarily provide the United States with any materials or information, not requested in (a)-(c) of this paragraph, that may relate to any such Federal Proceeding;

(f) Vignola, when called upon to do so by the United States in connection with any Federal Proceeding, will testify in grand jury, trial, and other judicial proceedings fully, truthfully and under oath, subject to the penalties of perjury (18 U.S.C. § 1621), making false statements or declarations in grand jury or court proceedings (18 U.S.C. § 1623), contempt (18 U.S.C. §§ 401-402), and obstruction of justice (18 U.S.C. § 1503, *et seq.*); and

(g) Vignola agrees to commit no further crimes whatsoever.

3.  Mister A.C. and Vignola agree that any assistance they may provide to federal criminal investigators in connection with any Federal Proceeding shall be pursuant to the specific instructions and control of the Antitrust Division and those federal criminal investigators.

## GOVERNMENT'S AGREEMENT

4.  If Mister A.C. and Vignola fully comply with the understandings specified in this Agreement, the Antitrust Division of the Department of Justice agrees not to bring further criminal charges against them for crimes committed prior to the date of this Agreement: a) arising out of their participation in a combination and conspiracy to rig bids for the installation and repair of HVAC systems at NYPH beginning in and around June 2002 and continuing through January 2006; and (b) the payment of money or the giving of gifts and free services to employees or agents of NYPH beginning in June 2001 and continuing through January 2006. The scope of the protection afforded in this paragraph is limited to the activities stated above that the Defendants have disclosed to the United States, as of the date of this Agreement. This paragraph does not apply to civil matters of any kind, violations of federal tax or securities laws, or crimes of violence.

5.  It is understood that this Agreement does not bind any other federal agency or local prosecuting authority or administrative agency other than the Antitrust Division of the United States Department of Justice. However, if requested, the Antitrust Division

will bring the fact, manner and extent of the cooperation of Mister A.C. and/or Vignola to the attention of other prosecuting, administrative, and other agencies as a matter for such agencies to consider as appropriate.

## POSSIBLE MAXIMUM SENTENCES

6. Mister A.C. understands that the statutory maximum penalty which may be imposed against it upon conviction for a violation of Section One of the Sherman Antitrust Act charged in Count One is a fine in an amount equal to the greatest of:

(a) $100 million (15 U.S.C. § 1); or

(b) twice the gross pecuniary gain the conspirators derived from the crime (18 U.S.C. § 3571(c) and (d)); or

(c) twice the gross pecuniary loss caused to the victims of the crime by the conspirators (18 U.S.C. § 35719 (c) and (d)).

7. In addition, Mister A.C. understands that:

(a) pursuant to 18 U.S.C. § 3561(c)(1), the Court may impose a term of probation of at least one year, but not more than five years;

(b) pursuant to U.S.S.G. § 8B1.1 or 18 U.S.C. § 3563(b)(2) or 3663(a)(3), the Court may order it to pay restitution to the victims of the offense; and

(c) pursuant to 18 U.S.C. § 3013(a)(2)(B), the Court is required to order Mister A.C. to pay a $400 special assessment upon conviction for the charged crime.

8. Vignola understands that the statutory maximum penalty which may be

imposed against him upon conviction for a violation of Section One of the Sherman Antitrust Act charged in Count One is:

    (a) a term of imprisonment for ten (10) years (15 U.S.C. § 1);

    (b) a fine in an amount equal to the greatest of (1) $1,000,000, (2) twice the gross pecuniary gain the conspirators derived from the crime, or (3) twice the gross pecuniary loss caused to the victims of the crime by the conspirators (15 U.S.C. § 1; 18 U.S.C. § 3571(b) and (d)); and

    (c) a term of supervised release of three (3) years following any term of imprisonment. If the defendant violates any condition of supervised release, the defendant could be imprisoned up to two (2) years (18 U.S.C. § 3559(a)(3); 18 U.S.C. § 3583(b)(2) and (e)(3); and U.S.S.G. § 5D1.2(a)(2)).

    9. In addition, Vignola understands that:

    (a) pursuant to U.S.S.G. § 5E1.1 or 18 U.S.C. § 3663(a)(3) or 3583(d), the Court may impose an order of restitution to the victims of the offense; and

    (b) pursuant to 18 U.S.C. § 3013(a)(2)(A), the Court is required to order the defendant to pay a $100.00 special assessment upon conviction for the charged crime.

    10. Vignola understands that the statutory maximum penalty which may be imposed against him upon conviction for a violation of title 18 Section 371 charged in Count Two is:

    (a) a term of imprisonment for five (5) years (18 U.S.C. § 371);

(b) a fine in an amount equal to the greatest of (1) $250,000 (2) twice the gross pecuniary gain the conspirators derived from the crime, or (3) twice the gross pecuniary loss caused to the victims of the crime by the conspirators (18 U.S.C. § 3571(b) and (d)); and

(c) a term of supervised release of three (3) years following any term of imprisonment. If the defendant violates any condition of supervised release, the defendant could be imprisoned up to two (2) years (18 U.S.C. § 3559(a)(3); 18 U.S.C. § 3583(b)(2) and (e)(3); and U.S.S.G. § 5D1.2(a)(2)).

11.   In addition, Vignola understands that:

(a) pursuant to 18 U.S.C. §§ 3663, 3663A and 3664, the Court shall impose an order of restitution to the victims of the offense; and

(b) pursuant to 18 U.S.C. § 3013(a)(2)(A), the Court is required to order the defendant to pay a $100.00 special assessment upon conviction for the charged crime.

## SENTENCING GUIDELINES

12.   Mister A.C. and Vignola understand the United States Sentencing Guidelines ("Sentencing Guidelines") are advisory, not mandatory, but that the Court must consider the Sentencing Guidelines, along with the other factors set forth in 18 U.S.C. § 3553(a) in determining and imposing sentence. Mister A.C. and Vignola understand that the Guidelines determinations will be made by the Court by a preponderance of the evidence standard. Mister A.C. and Vignola understand that

although the Court is not ultimately bound to impose a sentence within the applicable Guidelines range, its sentence must be based upon considerations of all relevant sentencing factors set forth in 18 U.S.C. § 3553(a).

13. The United States and Mister A.C. agree and stipulate that the Sentencing Guidelines in effect on the day of sentencing should be applied.

14. The United States and Vignola agree and stipulate that the Sentencing Guidelines in effect on the day of sentencing should be applied.

## SENTENCING AGREEMENT

15. Mister A.C. and Vignola understand that the sentences to be imposed on them are within the sole discretion of the sentencing judge. It is understood that the Sentencing Guidelines are not binding on the Court. The defendants acknowledge that their entries of guilty pleas to the charged offense authorizes the sentencing court to impose any sentence, up to and including the statutory maximum sentence. The United States cannot and does not make any promises or representations as to what sentences Mister A.C. and Vignola will receive. The defendants understand that, as provided in Fed. R. Crim. P. 11(c)(3)(B), if the Court does not impose a sentence consistent with the parties' sentencing recommendation, the defendants nevertheless have no right to withdraw their pleas of guilty. However, the United States will inform the Probation Office and the Court of (a) this Agreement; (b) the nature and extent of Mister A.C.'s and Vignola's activities with respect to this case, and all other activities of Mister A.C. and

Vignola which the United States deems relevant to sentencing; and (c) the timeliness, nature, extent and significance of Mister A.C.'s and Vignola's cooperation with the United States. In so doing, the United States may use any information it deems relevant, including information provided by Mister A.C. and Vignola both prior and subsequent to the signing of this Agreement. The United States reserves the right to make any statement to the Court or the Probation Office concerning the nature of the offense charged in the attached Information, the participation of Mister A.C. and Vignola therein, and any other facts or circumstances that it deems relevant. The United States also reserves the right to comment on or to correct any representation made by or on behalf of Mister A.C. and Vignola, and to supply any other information that the Court may require.

16.     If the United States determines that Mister A.C. has provided substantial assistance in any Federal Proceeding, and has otherwise fully complied with all of the terms of this Agreement, it will file a motion pursuant to U.S.S.G. § 8C4.1 to recommend a downward departure for the substantial assistance Mister A.C. provided to the United States. The United States and Mister A.C. further agree that the fine to be imposed is within the sole discretion of the sentencing judge, but that the Court must consider the factors set forth in U.S.S.G. § 8C3.3(b) in determining Mister A.C.'s ability to pay a fine. The United States and Mister A.C. are free to recommend or argue for any specific sentence to the Court.

17.     If the United States determines that Vignola has provided substantial

assistance in any Federal Proceeding, and has otherwise fully complied with all of the terms of this Agreement, it will file a motion, pursuant to U.S.S.G. § 5K1.1, advising the sentencing judge of all relevant facts pertaining to that determination and requesting the Court to sentence Vignola in light of the factors set forth in U.S.S.G. § 5K1.1(a)(1)-(5), and thus impose, in the Court's discretion, a sentence below the applicable Sentencing Guidelines ranges for incarceration and fine. The United States and Vignola are free to recommend or argue for any specific sentence to the Court.

18. Vignola and Mister A.C. understand that this Agreement does not in any way affect or limit the right of the United States to respond to and take positions on post-sentencing motions or requests for information that relate to reduction or modification of sentence.

19. Mister A.C. and Vignola acknowledge that the decision whether they have provided substantial assistance in any Federal Proceeding is within the sole discretion of the United States. It is understood that should the United States determine that Mister A.C. or Vignola have not provided substantial assistance in any Federal Proceeding, such a determination will release the United States from any obligation to file a motion pursuant to U.S.S.G. §§ 8C4.1 and 5K1.1, but will not entitle Mister A.C. and/or Vignola to withdraw their respective guilty plea once it has been entered. Mister A.C. and Vignola further understand that whether or not the United States files its motions pursuant to U.S.S.G. §§ 8C4.1 and 5K1.1, the sentence to be imposed on them remains within the

sole discretion of the sentencing judge.

20.   Mister A.C. and Vignola understand and agree that should the conviction following their pleas of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement (including any counts that the Government has agreed to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against them, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

## REPRESENTATION BY COUNSEL

21.   The Defendants have reviewed all legal and factual aspects of this case with their attorneys and are fully satisfied with their attorneys' legal representation. The Defendants have thoroughly reviewed this Plea Agreement with their attorneys and have received satisfactory explanations from their attorneys concerning each paragraph of this Plea Agreement, and alternatives available to the Defendants other than entering into this Plea Agreement. After conferring with their attorneys and considering all available alternatives, the Defendants have made a knowing and voluntary decision to enter into this Plea Agreement.

## **VOLUNTARY PLEA**

22.     The Defendants hereby acknowledge that they have accepted this Agreement and decided to plead guilty because they are in fact guilty. By entering this plea of guilty, the Defendants waive any and all right to withdraw their plea or to attack their conviction, either on direct appeal or collaterally, on the ground that the United States has failed to produce any discovery material, *Jencks* Act material, exculpatory material pursuant to Brady v. Maryland, 373 U.S. 83 (1963), other than information establishing the factual innocence of the Defendants, and impeachment material pursuant to Giglio v. United States, 405 U.S. 150 (1972), that have not already been produced as of the date of the signing of this Agreement.

23.     The Defendants decision to enter into this Agreement and to tender pleas of guilty are freely and voluntarily made and are not the result of force, threats, assurances, promises, or representations other than the representations contained in this Agreement. The United States has made no promises or representations to the Defendants as to whether the Court will accept or reject the recommendations contained within this Agreement.

## **VIOLATION OF PLEA AGREEMENT**

24.     Mister A.C. and Vignola agree that should the United States determine in good faith that Mister A.C. and/or Vignola have given false, misleading, or incomplete information or testimony, or that Mister A.C. and/or Vignola have failed in any other way

to fulfill any of the obligations set out in this Agreement, the United States shall notify counsel for Mister A.C. and/or Vignola in writing by personal or overnight delivery or facsimile transmission of its intention to void any of its obligations under this Agreement (except its obligations under this paragraph), and Mister A.C. and/or Vignola will be subject to prosecution for any federal criminal violation of which the United States has knowledge, including but not limited to the substantive offenses relating to the investigation resulting in this Agreement. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

25.     If Mister A.C. and/or Vignola violate any provision of this Agreement, they agree that any documents, statements, information, testimony or evidence provided by Mister A.C. and/or Vignola whether before or after the execution of this Agreement, and any leads derived therefrom, shall be admissible in evidence in any and all criminal proceedings hereafter brought against Mister A.C. and/or Vignola, and that neither will assert a claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, or any other federal rule, that such evidence, or any leads therefrom, should be suppressed.

## ENTIRETY OF AGREEMENT

26.     This Agreement constitutes the entire agreement between and among the United States and Mister A.C. and Vignola concerning the disposition of the charges

contained in the attached Information. The United States has made no other promises to or agreements with Mister A.C. and/or Vignola. This Agreement cannot be modified other than in a writing signed by the parties.

27.     The undersigned is authorized to enter this Agreement as evidenced by the Resolution of the Board of Directors of the Mister A.C. attached to, and incorporated by reference in, this Plea Agreement.

28.     The undersigned attorneys for the United States have been authorized by the Attorney General of the United States to enter this Plea Agreement on behalf of the United States.

Dated: November 7, 2007

_____
MICHAEL C. VIGNOLA
for MISTER A.C. LTD.

_____
STEPHEN J. McCAHEY

_____
CELIA A. GORDON, ESQ.
Counsel for
MICHEAL C. VIGNOLA
and MISTER A.C. LTD.

_____
DEBRA C. BROOKES

_____
JEFFREY D. MARTINO
Attorneys, Department of Justice
Antitrust Division
26 Federal Plaza, Room 3630
New York, NY 10278
Phone: (212) 264-0656

14

# CERTIFICATE OF CORPORATE RESOLUTION

I, MICHAEL C. VIGNOLA, President of Mister A.C., Ltd., organized and existing under the laws of the State of New York, and having its principal place of business at 78 Woodland Avenue, Rockville Centre, New York 11570, hereby certifies that the following is a true copy of a resolution adopted by the President and sole Director of Mister A.C., Ltd. and that such resolution is now in full force and effect.

> RESOLVED that Mr. A.C., Ltd. authorizes Michael C. Vignola, President and sole Officer of Mr. A.C., Ltd. to enter a plea on behalf of Mr. A.C., Ltd. in the matter entitled *United States of America v. Mister A.C., Ltd. and Michael C. Vignola*, in the United States District Court of the Southern District of New York; and

> RESOLVED that Mister A.C., Ltd. authorizes the Law Offices of Robert C. Gottlieb to appear and act on behalf of Mister A.C., Ltd. in all aspects of the above-captioned case, including any plea or disposition.

I further certify that Mister A.C. Ltd. is duly organized and existing, and has the power to take the action called for by the foregoing resolution.

DIRECTOR

_____        11/7/07
President                                                         Date
MICHAEL C. VIGNOLA